**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2011

No. 10-10899
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS OTERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-62-2

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carlos Otero appeals the sentence imposed following his guilty plea conviction for conspiracy to make a false statement during the acquisition of a firearm. He argues that the district court erred in denying him a reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He contends that he admitted purchasing four firearms for a codefendant; that he knew the codefendant was a convicted felon who could not own firearms; and that he did not deny additional relevant conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10899

The district court's denial of a reduction in Otero's offense level for acceptance of responsibility was not "without foundation." *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008). Because Otero did not present any evidence to rebut the information in the Presentence Report (PSR), the district court was entitled to rely on that information. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). The PSR supports a finding that Otero falsely denied knowing that his girlfriend, Lauren Reynolds, assisted Gabino Tovias in purchasing firearms and recruiting people to purchase firearms; therefore, the district court did not err in concluding that he acted in a manner inconsistent with acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n.1(a)) (2009 version); *see also United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); *see also United States v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002).

Otero further contends that the sentence imposed by the district court was substantively unreasonable, given that he was not a leader or an organizer; no one was harmed during the conspiracy; he had never been convicted of a violent offense or felony prior to the instant conviction; he was married and supported his family; and he was an honest, hardworking, and very dependable employee. The district court considered Otero's arguments and determined that a 37-month within-guidelines sentence was appropriate in view of the 18 U.S.C. § 3553(a) factors. Otero's disagreement with the district court's balancing of the sentencing factors is insufficient to rebut the presumption of reasonableness that attached to his 37-month within-guidelines sentence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766-67 (5th Cir. 2008).

AFFIRMED.